# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHNNY RONDON RODRIGUEZ

      Petitioner,

VS.                                        CASE NO. 6:26-cv-238-JA-RMN

LOUIS A. QUINONES, JR.;
GARRETT J. RIPA; and KRISTI
NOEM

      Respondents.

_____

## TEMPORARY RESTRAINING ORDER

Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 6), which contains a request for a temporary restraining order (TRO).

## I.    BACKGROUND

Petitioner filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the legality of his detention by the U.S. Immigration and Customs Enforcement (ICE). (Doc. 6).

## II.    LEGAL STANDARDS

Courts may issue a TRO without notice to the adverse party when: (1) specific facts clearly show that "immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition"; and (2) "the

movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). A movant must show: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). The last two elements "merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020)).

## III.  DISCUSSION

As to a substantial likelihood of success on the merits, the Government may only subject aliens to mandatory detention without a bond hearing if they are an "applicant for admission" and "seeking admission" to the United States. *See* 8 U.S.C. § 1225(b)(2)(a). Section 1225 only applies to aliens physically intercepted at the border, whereas 8 U.S.C. § 1226(a)—which requires a bond hearing—applies to aliens already present in the United States. *See, e.g.*, *Bethancourt Soto v. Soto*, No. 25CV-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025); *Kashranov v. Jamison*, No. 2:25-cv-5555, 2025 WL 3188399, at *6–7 (E.D. Pa. Nov. 14, 2025). When the Government refuses to give an alien detained under § 1226(a) a bond hearing, the Government must release the

2

alien. *See Gallardo v. Warden Glades Detention Facility*, No. 2:25-cv-1193, 2026 WL 139244, at *2 (M.D. Fla. Jan. 20, 2026). And when the Government has improperly asserted mandatory detainer of an alien under § 1225(b)(2)(a), the alien must be immediately released. *See Soto*, 2025 WL 2976572, at *8; *Gimenez Rivero v. Mina*, No. 6:26-cv-66 (M.D. Fla. Jan. 21, 2026) (Doc. 13) (Dalton, J.). Here, Petitioner represents that he was already present in the United States at the time of his detention, so he has shown a likelihood of succeeding on the merits of the argument that § 1225 is inapplicable and his detainer without a hearing is unlawful. (*See* Doc. 6); *Soto*, 2025 WL 2976572, at *7; *Kashranov*, 2025 WL 3188399, at *6–7.

As for the remaining elements, allowing Petitioner—a cancer patient suffering from a brain tumor—to be transferred from the Orange County Jail to an ICE holding facility would prolong his likely unlawful detention, so he has shown irreparable harm. *See Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (irreparable injury is harm that cannot be undone through monetary remedies); *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020) (deprivation of constitutional rights is irreparable injury). And the balance of equities tips in Petitioner's favor—as does the public interest—given the legally enshrined principles of freedom from unlawful restraint and faithful execution of the law. *See Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (balance of equities and public interest weigh in

petitioner's favor where TRO prevents respondents from application of statutory scheme in unlawful manner).

## IV.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED**:

1. Petitioner's request for a TRO in the Amended Petition (Doc. 6) is **GRANTED**. Respondents and those in privity with them are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from moving Petitioner Johnny Rondon Rodriguez out of the Orange County Jail **until further order of the Court**. No bond is required as the Court deems it unnecessary.

2. This TRO expires on **Thursday, February 6, 2026, at 11:59 p.m.** unless extended.

3. The Clerk of Court is **DIRECTED** to serve a copy of the Amended Petition and this Order on Respondents no later than **Friday, January 30, 2026**, and to notify the Court that service has been effected. The Clerk shall serve a copy of the Amended Petition and this Order on:

   a. ICE (attn to the Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov

   b. USAO via email at USAFLM.Orlando2241@usdoj.gov

    c. Courtesy copy to the Orange County Jail via email at email addresses on file with the Clerk's office and at:

        i. michele.carpentieree@ocfl.net;

        ii. so-as-legalservices@ocsofl.com;

        iii. OCCDRecords@ocfl.net

    d. Courtesy copy to USMS via email at usms-mfl-orl@usdoj.gov

    e. Copies via certified mail to the USAO and the USAG at physical addresses on file with the Clerk's office, including:

        i. Attorney General

            950 Pennsylvania Ave., NW

            Washington, DC 20530

        ii. U.S. Attorney

            Middle District of Florida

            400 W. Washington Street

            Suite 3100

            Orlando, FL 32801.

4. The Clerk is **DIRECTED** to electronically send a copy of this Order to the U.S. Attorney's Office in Orlando, Florida, as soon as practicable.

5. Respondents are **DIRECTED** to respond in writing to the Amended Petition by **Monday, February 2, 2026, at 12:00 p.m.** and show cause why the Court should not issue an injunction.

6. This matter is **SET** for an evidentiary hearing on **Tuesday, February 3, 2026, at 10:00 a.m.** in Courtroom 6B of the Orlando Federal Courthouse.

7. Petitioner's presence is **REQUIRED** at the hearing. The Court **ISSUES** a Writ of Habeas Corpus Ad Testificandum as follows:

    a. TO: Louis A. Quinones, Jr.,

    b. TO: Immigration and Customs Enforcement (ICE),

    c. TO: ICE Field Office Director, Orlando Field Office, and

    d. TO: Any United States Marshal.

It appearing to the Court that Johnny Rondon Rodriguez, a material witness in this cause, is now confined in the Orange County Jail, and that this case is set for a hearing before this Court in Courtroom Number 6B, United States Courthouse, 6th Floor, 401 W. Central Boulevard, Orlando, Florida 32801 at 10:00 a.m. on Tuesday, February 3, 2026, now therefore,

THIS IS TO COMMAND YOU, U.S. Immigration and Customs Enforcement (ICE), or their designee(s) at the Orange County Jail, that you have the body of the said Johnny Rondon Rodriguez, now in the custody of the Orange County Jail and ICE, and confined in the Orange County Jail, Orlando, Florida, under safe and secure conduct before this Court in Courtroom Number 6B, United States Courthouse, 6th Floor, 401 W. Central Boulevard, Orlando, Florida 32801, at 10:00 a.m. on Tuesday, February 3, 2026, or at such other time as the Court may direct, to testify, participate, and view the proceedings in this cause; and

THIS IS TO FURTHER COMMAND ICE, or their designee(s) at the Orange County Jail, that you shall maintain continuous custody and control of the body of the said Johnny Rondon Rodriguez at all times while he is being transported to and present in the United States Courthouse for proceedings in this cause; and

THIS IS TO FURTHER COMMAND the United States Marshal or his designee(s) that although ICE, or their designee(s) at the Orange County Jail, shall at all times maintain custody and control of the body of the said Johnny Rondon Rodriguez, you shall be present in the courtroom at all times that the body of the said Johnny Rondon Rodriguez is in the courtroom and shall remain with the body of the said Johnny Rondon Rodriguez at all times that he is present in the United States Courthouse, except when he is secured in the holding cell of the United States Marshal; and

THIS IS TO FURTHER COMMAND ICE, or their designee(s) at the Orange County Jail, that, absent an order otherwise, the body of said Johnny Rondon Rodriguez shall be removed from the United States Courthouse at the close of each day during the pendency of these proceedings, and shall be returned to the United States Courthouse, 401 W. Central Boulevard, Orlando, Florida at 8:30 a.m. each day (or at such other time as the Court may direct), until the conclusion of these proceedings, if necessary.

8. The Clerk is DIRECTED to serve copies of the above-issued Writ on:

    a. The Orange County Jail/Warden's Office at michele.carpentieree@ocfl.net;

    b. The Orange County Sheriff's Office—Legal Services at so-as-legalservices@ocsofl.com and OCCDRecords@ocfl.net; and

    c. The United States Marshal Service.

9. An interpreter's services are **REQUIRED** at the hearing.

**DONE** and **ORDERED** on January 2̲9̲, 2026 at 5:32 pm.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Respondents
Listed Recipients