IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNNY RONDON RODRIGUEZ,

    Petitioner,

vs.                                        Case no. 6:26-cv-238-JA-RMN

LOUIS A. QUINONES, JR.,
et al.,

    Respondents.
_____/

## RESPONSE TO PETITION FOR HABEAS CORPUS

Respondents hereby respond to the Amended Petition for habeas corpus in this matter as follows. Petitioner challenges his detention by U.S. Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"), demanding that he be granted immediate release.

### Preliminary Statement

The undersigned received the amended petition and orders entered in this case at 9:30 a.m. on February 2, 2026, with a response deadline for noon on the same day. To meet this deadline, the Federal Respondents submit an abbreviated brief on whether 8 U.S.C. § 1225(b)(2) or § 1226 applies to the Petitioner's circumstances. An immense volume of litigation concerning the

precise legal issue presented here is underway in this district and around the country. In light of the truncated deadlines in this proceeding and the degree to which this Court has already addressed related if not identical issues in other cases, Respondents submit this filing is to preserve arguments on appeal and conserve scarce judicial resources. Should the Court prefer a more fulsome discussion, Respondents stand ready to submit additional briefing to satisfy whatever concerns the Court may have.

## Background

Petitioner is a 50-year-old native and citizen of Venezuela. He was admitted to the United States on or about March 11, 2019, at Orlando International Airport (MCO) as a temporary visitor for pleasure/tourism (B2). Petitioner filed for relief with United States Citizenship and Immigration Services on 6/24/2019. Petitioner was granted temporary protected status (TPS) on 07/26/2022 - 09/09/2022 and 09/10/2022 - 09/10/2025. He applied for re-registration for TPS, which was closed on 11/19/2025 – as such, he no longer has TPS. On or about January 12, 2026, Petitioner was arrested in a joint effort operation with the current agreement nationwide 287g partnership. Petitioner was found to be amendable to removal under section 237(a)(1)(B) of the Immigration and Nationality Act. The notice to appear

before the Immigration Court has not been filed. Petitioner is currently detained at Orange County Jail.

### Certified Habeas Return

ICE is detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See* 28 U.S.C. § 2243 ("The person to whom the writ or order is directed shall make a return certifying the true cause of the detention."). He bears the burden to prove his custody violates federal law. *Whitfield v. U.S. Sec'y of State*, 853 F. App'x 327, 329 (11th Cir. 2021).

### Discussion

The Amended Petition in this case requires an analysis of whether § 1225 or § 1226 applies to the Petitioner's circumstances. In this filing we explain how § 1225 applies.

In *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals ("BIA") examined the plain language of § 1225, the Immigration and Nationality Act's ("INA") statutory scheme, Supreme Court and BIA precedent, the legislative history of the INA and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and ICE's prior practices. The BIA held that "under a plain language reading of section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), immigration judges lack authority to hear bond requests or to grant bond to aliens, like the respondent,

who are present in the United States without admission." 29 I&N Dec. at 225. This Court should rule the same.

The Government's position in this case is consistent with the *Yajure Hurtado* case, which is binding on immigration judges at the administrative level, and prevents any immigration judge from determining that Petitioner was bond-eligible under his circumstances. Further, under *Thuraissigiam* and the statutory scheme at 8 U.S.C. § 1225(a), "An alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1); *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Such aliens are applicants for admission whether they arrived at a designated port of arrival or not. 8 U.S.C. § 1225(a)(1). Applicants for admission are subject to mandatory detention until certain immigration proceedings have concluded. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018); *Matter of Yajure Hurtado*, 29 I&N Dec. at 224. The emphasis is thus on the manner in which an alien enters the United States, not the duration of time for which he has remained here, a position supported by legislative intent. 8 U.S.C. § 1225(a)-(b); *see also* H.R. Rep. No. 104-469, pt. 1, at 225 (1996). This supports ICE's position here. The existence of a BIA decision binding on immigration courts nationwide supports ICE's custody determination consistent with that decision and supports the Government's

position in this case.

Whether to apply Section 1225 or 1226 to aliens like Petitioner is a novel and complex issue, with districts ruling both for and against the Government. There is even a conflict developing within this Court over the proper application of these statutes.  Compare *Gimenez Rivero v. Mina*, 6:26-cv-66-RBD-NWH (Doc. 15—granting) with *Diaz Lopez v. ICE*, No. 3:25-cv-1313-JEP-SJH (M.D. Fla. Jan. 26, 2026) (attached as Exhibit 1).  Courts (including judges within this Court) have recently ruled in Respondents' favor on this issue as recently as last week. *Iraheta Morales v. Noem*, No. 25-62598-CIV-SINGHAL, 2026 WL 236307, at *3-9 (S.D. Fla. Jan. 29, 2029); *Diaz Lopez*.[1]

---

[1] *E.g.*, *Perez Ramirez v. Holt*, No. 2:25-cv-00156-SCM, 2026 WL 226964, at *2-7 (E.D. Ky. Jan. 28, 2026); *Vidal Alvacora v. Olson*, No. 0:26-cv-00675-DMT-SGE, 2026 WL 220417, at *1-3 (D. Minn. Jan. 28, 2026); *Qiwei Weng v. Genalo*, No. 25 Civ. 09595 (JHR), 2026 WL 194248, at *3-6 (S.D.N.Y. Jan. 25, 2026); *Hernandez v. Olson*, No. 25-cv-1670-bhl, 2026 WL 161509, at *3-7 (E.D. Wis. Jan. 21, 2026); *Singh v. Albarran*, No. 1:26-cv-00244-WBS-CSK, 2026 WL 124881, at *1-2 (E.D. Cal. Jan. 16, 2026); *J.E.P.M. v. Wofford*, No. 1:26-cv-00316-WBS-CKD, 2026 WL 125270, at *1 (E.D. Cal. Jan. 16, 2026); *Martinez v. Villegas*, No. 1:25-CV-256-H, 2026 WL 114418, at *3-8 (N.D. Tex. Jan. 15, 2026); *Sargsyan v. Bondi*, No. 1:26-cv-00259-WBS-CKD, 2026 WL 114665, at *1-2 (E.D. Cal. Jan. 15, 2026); *Cutiopala v. Noem*, No. 1:25-cv-00211-MAL, 2026 WL 113567, at *2-5 (E.D. Mo. Jan. 15, 2026); *Chen v. Almodovar*, No. 25 Civ. 9670 (JPC), 2026 WL 100761, at *7-14 (S.D.N.Y. Jan. 14, 2026); *Choudhary v. Albarran*, No. 1:26-cv-00119-WBS-CKD, 2026 WL 102708, at *2 (E.D. Cal. Jan. 14, 2026); *Singh v. Noem*, No. 1:26-cv-00224 WBS CSK, 2026 WL 91787, at *2 (E.D. Cal. Jan. 13, 2026); *Singh v. Noem*, No. 2:25-cv-00157-SCM, 2026 WL 74558, at *3-7 (E.D. Ky. Jan. 9, 2026); *Garibay-Robledo v. Noem*, No. 1:25-cv-00177-H, 2026 WL 81679, at *3-9 (N.D. Tex. Jan. 9, 2026); *Rodriguez v. Olson*, No. 1:25-cv-12961, 2026 WL 63613, at *5-8 (N.D. Ill. Jan. 8, 2026); *Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3-5 (W.D. Okla. Jan. 6, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216-H, 2026 WL 31775, at *2-8 (N.D. Tex. Jan. 6, 2026); *Ugarte-Arenas v. Olson*,

Some decisions have even started recognizing that there is no jurisdiction over this question to begin with:

> For this reason, the Court finds that Congress has not conferred jurisdiction on federal district courts to interpret or apply Section 1225 or Section 1226 of the INA. Divesting federal district courts of jurisdiction over such determinations makes sense. After all, Congress created an administrative process intended to act quickly (though in practice its actions have been anything but) in a field requiring specialized knowledge generally outside the experience of the inferior federal courts.

*Munoz Nataren v. Raycraft*, No. 4:26-cv-212, 2026 WL 214368, at *2 (N.D. Ohio Jan. 28, 2026); *Roni Fuenmayor Torres v. Quinones, et al.*, 6:26-cv-00184-AGM-LHP (M.D. Fla.) (denied Petitioner's writ of habeas corpus and further ruled that the Court lacked jurisdiction); *Amaya-Velis v. Raycraft*, No. 4:26-cv-73, 2026 WL 100596, at *2-3 (N.D. Ohio Jan. 14, 2026).

---

No. 25-C-1721, 2025 WL 3514451, at *1-4 (E.D. Wis. Dec. 8, 2025); **Suarez v. Noem**, No. 1:25-cv-00202-JMD, 2025 WL 3312168, at *2-3 (E.D. Mo. Nov. 28, 2025); **Manzo Valencia v. Chestnut**, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *1-4 (E.D. Cal. Nov. 17, 2025); **Cortes Alonzo v. Noem**, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *1-5 (E.D. Cal. Nov. 17, 2025); **Altamirano Ramos v. Lyons**, No. 2:25-cv-09785-SVW-AJR, 2025 WL 3199872, at *4-9 (C.D. Cal. Nov. 12, 2025); **Montoya Cabanas v. Bondi**, No. 4:25-cv-04830, 2025 WL 3171331, at *3-7 (S.D. Tex. Nov. 13, 2025); **Olalde v. Noem**, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *2-5 (E.D. Mo. Nov. 10, 2025);**Oliveira v. Patterson**, No. 6:25-cv-01463-DCJ-DJA, 2025 WL 3095972, at *2-6 (W.D. La. Nov. 4, 2025); **Sandoval v. Acuna**, No. 6:25-cv-01467, 2025 WL 3048926, *2-6 (W.D. La. Oct. 31, 2025); **Rojas v. Olson**, No. 25-cv-1437-bhl, 2025 WL 3033967, at *2-10 (E.D. Wis. Oct. 30, 2025); **Kum v. Ross**, No. 6:25-cv-00451-DCJ-CBW, 2025 WL 3113646, at *1-2 (W.D. La. Oct. 22, 2025); **Vargas v. Lopez**, No. 25-CV-526, 2025 WL 2780351, at *4-9 (D. Neb. Sept. 30, 2025); **Chavez v. Noem**, No. 25-CV-23250CAB-SBC, 2025 WL 2730228 at *4-5 (S.D. Cal. Sept. 24, 2025); **Pipa-Aquise v. Bondi**, No. 1:25-cv-01094-MSN-WBP, 2025 WL 2490657, at *1-2 (E.D. Va. Aug. 5, 2025).

We acknowledge, as Judge Pratt observed in *Lopez*, that the Government's position advanced here is a minority view, but the disagreement at the district court level allows the conclusion that reasonable minds could differ on this issue. *Lopez*, at 1-2 and 15 of slip op., *see also Rosciszewski v. Adducci*, 983 F. Supp. 2d 910, 917 (E.D. Mich. 2013) (concluding that the Government's "position, while incorrect, was not substantially unjustified" because of an "absence of a definitive decision from the Sixth Circuit Court of Appeals" on the statute at issue "as well as the fact that courts across the country cannot agree on this issue"). As noted above and in the interest of candor, a number of decisions in the Middle District of Florida hold the majority view. As only a sample of these, *see Daniela Emilia Guaiquire v. Quinones et al.*, 6:26-cv-00169-RBD-RMN (granting petitioner's writ of habeas corpus, Doc. 18); *Javier Gimenez Rivero v. Quinones, et al.*, 6::26-cv-66-RBD-NWH (Doc. 15—granting); *Uzcategui Rodriguez v. Quinones,* No. 6:26-cv-183-RBD-DCI (Doc. 6—granting); *Vasquez Carcamo v. DHS*, No. 2:25-cv-922-SPC-NPM (Doc. 10—granting in part); *Hinojosa Garcia v. DHS*, No. 2:25-cv-879-SPC-NPM (Doc. 18—granting in part); *Hernandez Lopez v. DHS*, No. 2:25-cv-830-KCD-NPM (Doc. 31—granting in part). The confusion in the caselaw will persist until the Eleventh Circuit or Supreme Court speaks on the issue. Until then, the government's position—although unpopular—is justifiable. *See Kuratapi v. USCIS*, 700 F.

App'x 974, 976 (11th Cir. 2017) (Government's position on an issue that at the time of briefing was "sufficiently unsettled" to be justified). Here, the government has timely appealed early unfavorable decisions on this issue in the Eleventh Circuit and those appeals remain pending. *See Hernandez Alvarez v. Warden, Federal Detention Center Miami, et al.*, 11th Cir. No. 25-14065 and *Cerro Perez v. Assistant Field Office Director, Krome North Service Processing Center, et al.*, 11th Cir. No. 25-14075.

Respondents acknowledge that questions of law in this case substantially overlap with *Patel v. Hardin*, No. 2:25-cv-870-JES-NPM, 2025 WL 3442706 (M.D. Fla. Dec. 1, 2025). Respondents respectfully disagree with the Court's decision in *Patel* and believe the Eleventh Circuit appeals will resolve these issues in their favor. That said, in the interest of judicial economy and to expedite the Court's consideration of this matter, Respondents make the following arguments for preservation purposes:

1. 8 U.S.C. § 1252(g) bars review of Petitioner's claims. *Patel*, No. 2:25-cv-870-JES-NPM (Doc. 15 at 4-7) (M.D. Fla.). [2]

2. 8 U.S.C. § 1252(b)(9) bars review of these claims. *Id.* at 7-8.

---

[2] Respondents acknowledge Local Rule 3.01(h) prohibits incorporation by reference of any other motion, legal memorandum, or brief. To achieve the purpose of efficiency, Respondents respectfully request the Court to suspend application of the rule in this instance. *See* M.D. Fla. Local R. 1.01(a)-(b); Fed. R. Civ. P. 1.

3. Petitioner failed to exhaust administrative remedies. *Id.* at 8-9.

4. Petitioner is properly detained under 8 U.S.C. § 1225. *Id.* at 10-16.

Should the Court determine Petitioner's detention is subject to § 1226, the only appropriate remedy is to begin the process for a bond hearing—not outright release—during which an immigration judge can determine whether he is a flight risk or danger to the community. *See, e.g.*, *Raya v. Dir., Enf't & Removal Operations*, No. 2:25-CV-1109-KCD-DNF, 2025 WL 3706510, at *1 (M.D. Fla. Dec. 22, 2025); *Vasquez Carcamo*, No.: 2:25-cv-00922-SPC-NPM, 2025 WL 3119263, at *5-6 (M.D. Fla. Nov. 7, 2025).

## Conclusion

Petitioner's Amended Petition for Writ of Habeas Corpus should be denied. Nonetheless, if the Court grants relief, such relief should be limited to providing for the statutory process under 8 U.S.C. § 1226.

Date: February 2, 2026

        Respectfully submitted,

        GREGORY W. KEHOE
        United States Attorney

        */s/Lacy R. Harwell, Jr.*
        LACY R. HARWELL, JR.
        Assistant United States Attorney
        Florida Bar No. 714623
        Office of the U.S. Attorney for the
        Middle District of Florida
        400 North Tampa St., Suite 3200
        Tampa, FL  33602
        Tele. 813 274-6000
        Randy.Harwell@usdoj.gov

## Certificate of Service

I HEREBY CERTIFY that on February 2, 2026, I caused a true copy of the foregoing to be filed using the Court's CM/ECF filing system, which will send an electronic notice of filing to all counsel of record.

        */s/Lacy r. Harwell, Jr.*
        LACY R. HARWELL, JR.
        Assistant U.S. Attorney