UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNNY RONDON RODRIGUEZ

    Petitioner,

v.

LOUIS A. QUINONES, JR.,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE); DEPARTMENT
of HOMELANDICE SECURITY; ICE
ENFORCEMNET AGENCY; FIELD
OFFICE DIRECTOR, ORLANDO
FIELD OFFICE,UNITED
STATES CITZENSHIP and
IMMIGRATION SERVICES,

Case No: 6:26-cv-00238-JA-RMN

## PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE AND IN SUPPORT OF HABEAS PETITION AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

### INTRODUCTION

Petitioner by and through undersigned counsel, respectfully submits this Reply to the Government's Response to his Petition for Writ of Habeas Corpus. The Government's Response relies on the same arguments that have already been rejected by this Court in Daniela Emilia Guaiquire v. Quinones et al., 6:26-cv-00169-RBD-RMN (granted petitioner's writ of habeas corpus, Doc. 18); Javier Gimenez Rivero v. Quinones, et al., 6::26-cv-66-RBD-NWH (Doc. 15—granting); and Uzcategui Rodriguez v. Quinones, No. 6:26-cv-183-RBD-DCI (Doc. 6—granting). The Government's reliance on *Lopez* is misplaced, as that case is factually and legally distinguishable from the circumstances presented here.

### ARGUMENT

**I. The Court has habeas jurisdiction; § 1252(g) does not bar review of the legality of detention.**

8 U.S.C. § 1252(g) applies only to three discrete actions—commencing proceedings, adjudicating cases, or executing removal orders. Petitioner challenges none of those; he

challenges the statutory and constitutional legality of his current detention and threatened transfer. See *Reno v. American-Arab Anti-Discrimination Comm.,* 525 U.S. 471 (1999).

The Supreme Court has made clear that statutory channeling provisions do not strip federal courts of jurisdiction to adjudicate constitutional and statutory challenges to detention under 28 U.S.C. § 2241. See *Jennings v. Rodriguez*, 583 U.S. 281 (2018); INS v. St. Cyr, 533 U.S. 289 (2001).

Consistent with that authority, this Court has already exercised jurisdiction, entered a TRO, and indicated that Petitioner's detention claims are properly before it. The government offers no basis to revisit that correct determination.

## II. Petitioner is detained, if at all, under § 1226(a); the government's § 1225(b) theory fails.

The government's attempt to classify Petitioner as an "applicant for admission" subject to categorical mandatory detention under § 1225(b) conflicts with the statutory scheme and the reasoning embraced by this Court in granting interim relief.

Individuals arrested within the United States and placed in § 240 removal proceedings are detained under § 1226(a), which authorizes custody but requires an individualized assessment for release on bond or conditions. This Court's order and *Reyes v. Rose* recognize that the government's categorical reliance on § 1225(b) is misplaced and that due process requires individualized review for persons situated like Petitioner.

At minimum, even under the government's reading, prolonged detention without an individualized bond hearing raises serious constitutional concerns that this Court should

## III. *Lopez* and *Thuraissigiam*, are Factually and Legally Distinguishable

The Government relies heavily on Andres Diaz Lopez v. ICE, a Jacksonville-division decision, to argue that reasonable jurists may differ on the applicability of § 1225. That reliance fails because *Lopez* involved materially different facts.

In *Lopez*, the petitioner was a Mexican national who entered without inspection and was living in the United States unlawfully, with no pending asylum application, no employment authorization, and no other form of government-sanctioned presence. The court's analysis in *Lopez* proceeded against a factual backdrop in which the Government had never affirmatively authorized the petitioner to live or work in the United States while removal proceedings were pending.

By contrast, Petitioner here is a Venezuelan asylum seeker with an active asylum application, has been granted employment authorization, possesses a Social Security number, and holds a state-issued driver's license. These facts reflect that the federal government has already exercised discretion to permit Petitioner to reside and work in the United States while his asylum case is adjudicated.

Nothing in *Lopez* addressed detention of a noncitizen whom the federal Government itself has authorized to live and work in the United States during the pendency of humanitarian relief. Accordingly, *Lopez* does not control, and its reasoning does not extend to the circumstances presented here.

Moreover, *Lopez* expressly acknowledged that the Government's position represents a minority view, and courts within this District have overwhelmingly rejected that position in cases materially closer to Petitioner's circumstances.

The Government also relies on DHS v. Thuraissigiam, 591 U.S. 103 (2020), but that reliance is also misplaced. *Thuraissigiam* involved a noncitizen apprehended approximately 25 yards inside the U.S. border immediately after unlawful entry and placed in expedited removal proceedings. The Supreme Court held that the INA's limits on judicial review of expedited removal determinations do not violate the Suspension Clause and that individuals apprehended shortly after entry are treated as applicants for initial admission who possess only the procedural rights granted by Congress. The Court emphasized that habeas corpus historically protects against unlawful detention—not to obtain additional administrative procedures or judicial review of removal decisions—and that the petitioner in *Thuraissigiam* sought an opportunity to remain in the United States rather than release from custody.

*Thuraissigiam* has no application here. Petitioner is not a recent border entrant, is not in expedited removal, and does not seek expanded judicial review of a removal determination. Instead, Petitioner challenges the statutory authority for his continued detention while present in the interior of the United States with an active asylum application and government-issued authorization to work. Unlike *Thuraissigiam*, this case falls squarely within the core function of habeas corpus: securing release from unlawful custody.

## IV. The Government's Proposed Remedy Is Illusory

The Government suggests that if § 1226 applies, the only permissible remedy is a bond hearing. Courts in the middle district have already rejected that argument. Where the Government asserts no lawful authority for detention under § 1225, continued detention—even to arrange a hearing—is unlawful. Immediate release is the proper habeas remedy.

This is especially true where, under the Government's own theory and binding BIA precedent, immigration judges are purportedly barred from exercising bond jurisdiction, rendering the proposed "bond-hearing remedy" illusory.

## V. The Overwhelming Weight of Authority Supports Relief

The Government characterizes this issue as a "split among courts," but that description is misleading as if to argue there is an "even split". Hundreds of judges nationwide, including multiple judges within this District, have rejected the Government's interpretation and granted habeas relief under materially indistinguishable circumstances.

Moreover, Courts appointed by presidents of both political parties have consistently concluded that § 1225 does not authorize mandatory detention of noncitizens already present in the United States, particularly those with pending asylum applications and government-issued authorization to work

## REQUESTED RELIEF

For these reasons, and those in Petitioner's opening submissions and this Court's prior order, Petitioner respectfully requests that the Court:

1. Grant the Petition and order Petitioner's immediate release on appropriate conditions of supervision as the Court deems necessary;

2. Maintain and, as necessary, broaden the TRO to prohibit transfer outside this District pending compliance with the Court's orders; and

3. Grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on February 2nd, 2026, I electronically served a copy of the foregoing on the Office of the Orange County Sheriff, 2500 W. Colonial Dr., Orlando, FL 32804 at so-as-legalservices@ocsofl.com and the Warden, Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839 michele.carpentiere@ocfl.net , OCCDRecords@ocfl.net and the Office of the United States Attorney.

**THE ARROYO LAW FIRM**
390 N. Orange Ave.
Suite 625
Orlando, FL 32801
Phone: 407-770-9000
Fax: 407-901-0709

/s/ Phillip Arroyo
PHILLIP ARROYO, ESQ.
Florida Bar No. 1022409
Phillip@ChillCallPhil.com
Josephine@ChillCallPhil.com
Attorney for Defendant