JOHNNY RONDON RODRIGUEZ,

      Petitioner,

VS.                        CASE NO. 6:26-cv-238-JA-RMN

LOUIS A. QUINONES, JR.;
GARRETT J. RIPA; and KRISTI
NOEM;

      Respondents.

_____

## ORDER AND INJUNCTION

Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 6), which contains a request for a temporary restraining order (TRO).

A hearing was held on the Amended Petition for Writ of Habeas Corpus and request for a TRO, and the Government agreed that Petitioner is entitled to immediate release. (*See* Doc. 12). The Court finds that Petitioner has shown a likelihood of success on the merits sufficient to justify the issuance of an injunction because Respondents are illegally detaining Petitioner under 8 U.S.C. § 1225. The Court further finds irreparable injury and that the balance of equities and the public interest weigh in Petitioner's favor.

Accordingly, it is **ORDERED and ADJUDGED**:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 6) is **GRANTED**.

2. Respondents are **DIRECTED** to immediately release Petitioner.

3. The request for a temporary restraining order (Doc. 6) is **GRANTED**.

4. The Court **INCORPORATES BY REFERENCE** the reasoning of Judge Dalton in *Gimenez Rivero v. Mina*, Case No. 6:26-cv-66 (Doc. 15).

5. Respondents Louis A. Quinones, Jr., ICE/U.S. Immigration and Customs Enforcement; the ICE Field Office Director of the Orlando Field Office; the U.S. Department of Homeland Security; and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225. Respondents are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner Johnny Rhoden Rodriguez under 8 U.S.C. § 1226 until at least **Saturday, February 14, 2026**. Should Respondents elect to detain him under that statute after that date, Respondents are **DIRECTED** to release him within ten days of his detainer unless he is provided with a bond hearing before an immigration judge within that ten-day period. If he is re-detained and released, Respondents

2

must facilitate his transportation from the detention facility by notifying his counsel of the time and place where he may be collected.

6. No security bond is required for this injunction as the Court deems it unnecessary.

7. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

8. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained and deprived of a timely hearing but not released as ordered herein, he may move to reopen this case without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

9. ICE shall immediately deliver to Petitioner all of Petitioner's property in its possession upon Petitioner's request. Petitioner or a person designated by Petitioner in writing to receive the property may make the request for return of the property before February 13, 2026, at the ICE facility located at 9495 Delegates Drive Orlando, FL 32837. ICE personnel are otherwise **ENJOINED** from removing Petitioner's personal property from its Delegates Drive facility. ICE is **PROHIBITED** from re-detaining Petitioner if he personally appears at the Delegates Drive facility to retrieve his personal property within **ten days** from the date of this Order.

10. Once Petitioner is released from the Orange County Jail, Petitioner's counsel is **DIRECTED** to file a notice within 24 hours confirming release.

**DONE** and **ORDERED** on February 3rd, 2026 at 2:29 p.m.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record